WILLIAM T. RAYNAL and others *v.* ENEAS SMITH and another.

APPEAL from the Commercial Court of New Orleans, *Watts, J.*
*G. Strawbridge,* for the appellants.
*T. Slidell,* for the intervenors.·

MARTIN, J. Both parties are appellants from a judgment by which Haggerty and Morgan, intervenors in this case, have recovered the sum of twenty-nine hundred dollars and the costs, out of the proceeds of the steamer Columbia.

These intervenors sold the steamer to James Reed, agent of several persons who intended to run her between New Orleans and some of the ports of the republic of Texas, retaining an interest of three-tenths of the boat. The price was fifty thousand dollars; thirty-five thousand of which were to be paid by the vendees, partly in cash and partly in their notes. It was agreed that the nett proceeds of each trip should be applied to the discharge of the notes before their maturity, with an allowance on the sums thus paid, in advance of interest, at seven per cent from the payment to the maturity; and that the intervenors should be farther entitled to receive out of the nett proceeds of the steamer, after the price of the sale was paid, the sum of three thousand dollars, without any personal

Raynal and others v. Smith and another.

responsibility of the vendees therefor, on account of some expenses the intervenors were to be at in fitting out the steamer for New Orleans, the bargain having been effected in New York.

The steamer was employed in the intended trade, until her earnings discharged the notes given for the credit part of the price. The agency of James Reed was transferred by the plaintiffs to the defendants at this period, when the liabilities of the boat were about five thousand dollars, exclusive of a debt of about seven thousand five hundred dollars, for new boilers which had been ordered. Soon after this a misunderstanding between the parties rendered a settlement of their concerns necessary, and the present suit was instituted. The boat was sequestered, bonded by the defendants, who kept her in the Texas trade, until she was sold under an order of court entered into by consent. She produced about twenty thousand dollars. The intervenors now came in and urged their claim for the final sum of $3000, which it was stipulated should be paid to them out of the nett profits of the steamer. To this claim, two specific objections have been insisted on before us. The principal objection is, that the boat had not made such earnings, as were contemplated by the contract to entitle the intervenors to this extra allowance. The interpretation which the judge below gave to the clause under which the claim is urged, was, that if after the expiration of the credit given for the payment of the residue of the purchase money, and while the boat belonged to the association, she had made a sufficient sum in earnings to pay this extra allowance, the intervenors would have been entitled to receive it. At the time when the agency was changed, the earnings of the boat had discharged, or nearly so, the credit part of the price, to wit, the sum of $26,250. The steamer was, however, under liabilities to the amount of $12,500, which appear to have been since reduced to $9000. The judge concluded that her sale left a profit of about $10,000, out of which the plaintiffs' claim ought to be satisfied. It does not appear to us that he erred.

It has, however, been contended, that the steamer was not delivered to the vendees in as complete order as the intervenors had engaged to put her in, some articles of her tackle and apparel

having been deficient. For this a deduction of one hundred dollars was made, and is justified by the testimony on record.

*Judgment affirmed.*